UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON KOETTING,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>DOUBLEDOWN INTERACTIVE, LLC,<br><br>　　　　　　Defendant. | CASE NO. 2:25-cv-01854<br><br>ORDER DISMISSING COMPLAINT |

　　　　This matter comes before the Court *sua sponte*. Plaintiff Jason Koetting has filed a putative class action complaint against Doubledown Interactive LLC, alleging that it violated certain gambling laws in Washington and Utah. Dkt. No. 1.

　　　　Although Koetting avers that the Court has subject matter jurisdiction over this case under 28 U.S.C. 1332(d), his allegations regarding the parties' citizenship and the amount in controversy are merely conclusory. *Id.* at 3. He alleges that "at least one Class Member is a citizen of a state different from [Doubledown]" without identifying Doubledown's citizenship. *Id.*; *see also* 28 U.S.C. § 1332(d)(10). Similarly, he asserts that "the aggregate amount in controversy exceeds $5,000,000" without explaining how. Dkt. No. 1 at 3. "Failure to make proper and complete

allegations of diversity jurisdiction relegates a litigant to . . . jurisdictional purgatory[.]" *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970). And as with diversity, "[c]onclusory allegations as to the amount in controversy are insufficient." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017) (citation omitted).

When subject matter jurisdiction is absent, courts "must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court accordingly DISMISSES the complaint without prejudice and with leave to amend. Should Koetting choose to amend his complaint, he must do so by November 12, 2025.

Dated this 29th day of October, 2025.

Lauren King
United States District Judge

ORDER DISMISSING COMPLAINT - 2